## W. J. WILLIAMSON v. HEINRICH GEORGE.

FILED JANUARY 19, 1898.   No. 7770.

Covenants: EVIDENCE.  Evidence examined, and *held* to sustain the finding of the jury that the recitals of the deed in con roversy do not express the actual contract made between the parties.

ERROR from the district court of Hamilton county. Tried below before WHEELER, J.  *Affirmed.*

*Hainer & Smith*, for plaintiff in error.

*John A. Whitmore, contra.*

RAGAN, C.

W. J. Williamson brought this suit in the district court of Hamilton county against Heinrich George. The latter had a verdict and judgment and Williamson brings the same here for review on error.

In his petition in the district court Williamson alleged the purchase by him of a quarter section of land in Kansas from George; that the latter executed to him a deed of conveyance for said land warranting the same to be free of all incumbrance except the taxes and a mortgage of $500 on the land which Williamson assumed and agreed to pay as a part of the consideration for such conveyance; that at the time of said conveyance the land was incumbered by a mortgage for $100 in addition to the $500 mortgage assumed by Williamson. George in his answer admitted the sale of the land to Williamson and the execution and delivery to him of a deed therefor, but he interposed as a defense to the action that the contract between him and Williamson was that he would sell and convey his equity only in this land to Williamson for $100; that he was a Russian unable to read or write the English language, and could understand but very little of it when spoken; that Williamson paid him the $100 and he, George, and his wife executed the deed of conveyance, but that Williamson caused to be fraudulently inserted therein the covenant against incumbrance contrary to the agreement between the parties.

Several complaints are made in the brief of counsel for the plaintiff in error here as to the action of the district court in the admission and exclusion of evidence on the trial. We have carefully examined this record and it must suffice to say that we do not think any action of the district court in that respect was prejudicial to the plaintiff in error.

Complaints are also made by the plaintiff of the action of the district court in giving and refusing to give certain instructions. We have likewise examined these and

reached the conclusion that the plaintiff in error was not prejudiced by any instruction given or refused by the district court. The serious question in the case, and the one that has given us the most trouble, is whether this finding of the jury is supported by the evidence. The evidence on the part of Williamson tends to show that the contract between him and George is fairly expressed in the deed of conveyance made by the latter. On the other hand, the evidence of George, who testified at the trial through the medium of an interpreter, tends to show that he owned the land subsequently conveyed to Williamson; that it was heavily incumbered; that he was unable to pay the incumbrance; that he had been advised by a friend in Kansas that he could get $100 for his equity in the land; that this information was conveyed to George by a letter and the letter was shown to Williamson; that Williamson then contracted with George to buy the latter's equity in the land for $100, which sum he paid; that Williamson explained in German, which language George understood, the contents of this deed after it was drawn and before it was executed, and that he made such an explanation of it that George understood, not that he was warranting the title of this land to be free from incumbrance, but that he was simply parting with his equity in the land for $100. The evidence for the defendant in error is very meager and somewhat unsatisfactory, but, after giving the record the most careful study of which we are capable, we are constrained to say that we think the evidence sustains the finding of the jury to the effect that the deed executed by George and his wife does not recite the actual contract made between the parties. The judgment of the district court is

                                   AFFIRMED.